UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00115-GNS-HBB

MARGARET JOSIAH, Ancillary Administratrix for the ESTATE OF OTOKINI SELEIYI WOKOMA a/k/a. DANIEL WOKOMA, Deceased — PLAINTIFF

v.

GRT TRANSPORTATION, LLC, et al. — DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion to Remand (DN 6). This matter is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Margaret Josiah ("Josiah"), as Ancillary Administratrix for the Estate of Otokini Seleiyi Wokoma, a/k/a Daniel Wokoma ("Wokoma"), filed this action in Simpson (Kentucky) Circuit Court against Defendants GRT Transportation, LLC ("GRT Transportation") and GEICO Insurance Co. ("GEICO")[1] relating to the wrongful death of Wokoma in an automobile accident in Franklin, Kentucky. (Notice Removal 1, DN 1; Compl. ¶¶ 12-20, DN 1-1). Josiah was and is a resident of Paulding County, Georgia. (Compl. ¶ 2). In her Complaint, Josiah alleges that GRT Transportation is incorporated in and has its principal place of business in Texas. (Compl. ¶ 4). Josiah also alleges that GEICO's principal place of business is Macon, Georgia. (Compl. ¶ 8).

[1] In its Answer, GEICO stated that the proper corporate entity in this matter is GEICO County Mutual Insurance Company ("GEICO County"). (Def. GEICO's Answer 1, DN 1-3).

GRT Transportation removed this matter pursuant to 28 U.S.C. §§ 1441 and 1446. (Notice. Removal 1). GRT Transportation asserts that diversity jurisdiction is present because there is complete diversity amongst the parties: Josiah is a citizen of Georgia; GRT Transportation is a citizen of Texas; and GEICO is a citizen of Maryland. (Notice Removal 2). Josiah then moved to remand this matter to state court. (Pl.'s Mot. Remand, DN 6).

## II. STANDARD OF REVIEW

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States." 28 U.S.C. § 1332(a)(1).

The subject matter jurisdiction of a case is determined at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "[A] district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Schilmiller v. Medtronic, Inc.*, 44 F. Supp. 3d 721, 724 (W.D. Ky. 2014) (citation omitted). The removing defendants bear the burden of proving that the jurisdictional amount-in-controversy requirement is met. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citation omitted).

## III. DISCUSSION

Josiah argues that removal was inappropriate because there is no subject matter jurisdiction. (Pl.'s Mot. Remand 3). Diversity jurisdiction requires complete diversity meaning that no plaintiff and no defendant are citizens of the same state. 28 U.S.C. § 1332(a)(1). Josiah argues that there is not complete diversity in this case because both she and GEICO are citizens of

Georgia. (Pl.'s Mot. Remand 3). A company is a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)).

The Complaint alleges:

> At all relevant times, GEICO Insurance Company (hereinafter "GEICO") is a foreign insurance company with its principal place of business in Macon, Georgia, but has registered with and has been approved to do business in Kentucky and has designated Franklin Silva as its agent for service of process. Additionally, GEICO regularly solicits and accepts business in the Commonwealth of Kentucky and has gained substantial profits from such solicitation and acceptance, thereby benefitting from and being subject to Kentucky's regulatory insurance laws.

(Compl. ¶ 8). GEICO's Answer included the following statement:

> The Defendant admits the averments contained in paragraph 8 of the Plaintiff's Complaint insomuch as they allege its principal place of business and registered agent, and insomuch as they allege the Defendant is registered to and does conduct business in the Commonwealth of Kentucky.

(Def. GEICO's Answer 2). Josiah contends that GEICO made a judicial admission that its principal place of business is in Georgia, which destroys diversity between the parties. (Pl.'s Mot. Remand 3, DN 6).

In general, judicial admissions must be "deliberate, clear and unambiguous." *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (citation omitted). Even if a statement qualifies as an admission, courts have "broad discretion to relive parties from the consequences of judicial admission in appropriate cases." *In re Kattouah*, 452 B.R. 604, 608 (E.D. Mich. 2011) (citing *MacDonald*, 110 F3d at 340). "For example, the court may relieve a party from its admission if it was the result of inadvertence or mistake." *Id.* (citation omitted). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Kattouah*, 452 B.R. at 608 (citation omitted). "Under federal law, stipulations and admissions in the pleadings are generally

binding on the parties and the Court." *Brown v. Tenn. Gas Pipeline Co.*, 623 F.2d 450, 454 (6th Cir. 1980) (citation omitted).

GEICO's Answer admitting that its principal place of business is Georgia qualifies as a judicial admission. *MacDonald*, 110 F.3d at 340. Nevertheless, in opposing the present motion, GEICO contends that it did not admit that its principal place of business is in Georgia, but instead only admitted that Josiah **alleged** that GEICO's principal place of business was Georgia. (Def. GEICO's Resp. Pl.'s Mot. Remand 2, DN 8). This interpretation contradicts the clear import of GEICO's Answer. Specifically, GEICO stated that it "admits to the averments" in Paragraph 8 of the Complaint "insomuch as they allege [GEICO's] principal place of business . . . ." (Def. GEICO's Answer 2). This is clearly an admission by GEICO.

While the Court has discretion to relieve parties from the consequences of judicial admission when appropriate, there is no indication that such relief would be appropriate here. *Kattouah*, 452 B.R. at 608 (citation omitted). GEICO's Answer was specifically drafted to avoid admitting to other portions of Paragraph 8, such as the allegation that GEICO has made substantial profits in Kentucky or is subject to Kentucky's regulatory insurance laws. This strongly indicates GEICO's admission was intentionally drafted. (Compl. ¶ 8; Def. GEICO's Answer 3).

GRT Transportation argues that because the Complaint did not specifically reference "citizenship," which GRT claims is the appropriate method of determinizing citizenship, GEICO's admission cannot constitute an admission of destroying diversity. (Def. GRT Transportation's Resp. Pl.'s Mot. Remand 2, DN 8). GEICO, however, did admit its principal place of business was in Georgia—a factual matter—which supports the legal conclusion that GEICO is a citizen of Georgia. As pointed out by Josiah, a party may "admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." (Pl.'s Mot. Remand 2

(citing *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986))). This is exactly such a case.

GRT Transportation points to other portions of GEICO's Answer that it is without sufficient information to form a belief as to whether subject matter jurisdiction is proper, and GEICO's reservation of any such defenses including lack of subject matter jurisdiction, precluding GEICO's admission from being binding in this case. (Def. GRT Transportation's Resp. Pl.'s Mot. Remand 2). These statements, however, do not change the fact that GEICO explicitly admitted that its principal place of business is in Georgia.

GRT Transportation argues in opposition to remand that GEICO County is a corporate citizen of Texas and provides a screenshot from a search of the Texas Department of Insurance's website which seems to indicate that the company was organized in Texas. (Def. GRT Transportation's Resp. Pl.'s Mot. Remand 4). However, a corporation is a citizen both in the state of incorporation and in the state in which its principal place of business is located. *See Mills v. Am. Underground Structures, Inc.*, No. 3:99CV-121-S, 1999 WL 33756668, at *1 (W.D. Ky. Aug. 30, 1999) (citing 28 U.S.C. § 1332(c)(1)). GRT Transportation also claims that GEICO County's "nerve center" is also in Texas and indicates that GEICO's counsel would be filing an affidavit to that effect. (Def. GRT Transportation's Resp. Pl.'s Mot. Remand 4). No such affidavit has been filed of record. Thus, Defendants have not overcome their burden of setting aside GEICO's admission.

GRT Transportation also cites to two cases which it claims establish GEICO's Texas citizenship. In *Mletzko v. Dailey*, No. EP-20-CV-205-DB, 2020 U.S. Dist. LEXIS 180413 (W.D. Tex. Sept. 29, 2020), the court remanded for fraudulent joinder a suit against GEICO County and its insured because no plausible claims were asserted against GEICO County. *Id.* at *7-9.

Although the Court recognized GEICO County's Texas citizenship, it did **not** hold that its principal place of business—i.e., its "nerve center"—was in Texas. Similarly, *My Clear View Windshield Repair, Inc. v. GEICO Advantage Ins. Co.*, No. 4:16-CV-02840, 2017 U.S. Dist. LEXIS 25790 (S.D. Tex. Feb. 14, 2017), involved the attempted removal of a state action against several GEICO entities, including GEICO County, whose Texas citizenship would have defeated diversity jurisdiction. Because none of the state law claims survived Rule 12(b)(6) analysis, GEICO County's status as a Texas citizen did not destroy diversity among the remaining parties. *Id.* at *14-15. Again, however, although GEICO County's status as a Texas citizen was established, nowhere did the court make any determination regarding GEICO County's principal place of business.

GEICO's admission that its principal place of business is in Georgia is binding in this instance. Complete diversity does not exist in this case because both the Josiah and GEICO are citizens of Georgia. *Brown*, 623 F.2d at 454; 28 U.S.C. § 1332(a)(1). Removal of this action to federal court was thus inappropriate, and Josiah's motion will be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiffs' Motion for Remand (DN 6) is **GRANTED**, and this matter is remanded to Simpson Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 15, 2022

cc: counsel of record
Clerk, Simpson Circuit Court (Civil Action No. 21-CI-00118)